**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **RONALD DEAN GILBERT,**  )  <br>**ID # 1270857,**  )  <br>　　　　**Petitioner,**  )  <br>**vs.**  )  <br>　　　　　　　　　　　　　　　　　)  <br>**WILLIAM STEPHENS, Director,**  )  <br>**Texas Department of Criminal**  )  <br>**Justice, Correctional Institutions Division,**  )  <br>　　　　**Respondent.**  ) | **No. 3:15-CV-2449-D (BH)**  <br><br>**Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this consolidated habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the petition should be denied.

**I. BACKGROUND**

Ronald Dean Gilbert (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is William Stephens, Director of TDCJ-CID.

Petitioner challenges two February 14, 2008 convictions for indecency with a child by contact and a 90-year sentence imposed in cause numbers F-0572772 and F-0572651 in the 292nd Judicial District Court of Dallas County, Texas.[1] (doc. 3 at 2, 41-41.); *see also* www.dallascounty.org/public.access.php (Dallas County criminal records). Petitioner filed direct appeals from each conviction, but his convictions

---

[1] Petitioner also challenged his conviction for assault with bodily injury in cause number F-0071465-HU in the 291st Judicial District Court of Dallas County, Texas. *See Gilbert v. Quarterman,* No.3:06-CV-1981-N (June 6, 2008); *Gilbert v. Thaler*, No.3:13-CV-333-K (April 22, 2013).

were affirmed by the Fifth District Court of Appeals on July 31, 2009. (doc. 3 at 3); *see Gilbert v. State*, Nos. 05-08-00247-CR & 05-08-00248-CR (Tex. App.-Dallas July 31, 2009, pet ref'd.) His petitions for discretionary review were refused at the Texas Court of Criminal Appeals on October 28, 2009. *See Gilbert v. State,* No. PD-1291-09 and No. PD-1292-09 (Tex. Crim. App. October 28, 2009), *available at* http://www.search.txcourts.gov/Case.aspx?cn=PD-1291-09 (PD-1292-09)&coa=coscca. On May 20, 2011, Petitioner filed state applications for writ of habeas corpus with the trial court challenging each conviction, and those applications were ultimately denied without written order by the Texas Court of Criminal Appeals on the trial court's finding without a hearing on November 21, 2012. (doc. 3 at 3-4); *see Ex parte Gilbert,* WR-65,645-03 and WR-65,645-04 (Tex. Crim. App. November 21, 2012), *available at* http://www.search.txcourts.gov/Case.aspx?cn=WR-65,645-03(WR-65,645-04)&coa=coscca&p=1.

Petitioner mailed his federal petition on July 20, 2015. (doc. 3 at 10). He alleges 21 grounds for relief, including 19 claims of ineffective assistance of counsel, and two claims that the trial court erred and abused its discretion. (*Id.* at 6-7, 11-17.)

## II.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies to it. Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

2

**A.       Calculation of One-Year Period**

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (c) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner's ineffective assistance of counsel and trial court error claims involve allegations of actions of failures to act before or during his criminal proceedings and sentencing. (doc. 3 at 6-7, 11-17.) Because he challenges the effectiveness of trial counsel at the time of his conviction and actions of the trial court, the federal statute of limitations began running when the trial court's judgments adjudicating guilt became final by the conclusion of direct review or the expiration of the time for seeking such review under § 2244(d)(1)(A).

As noted, Petitioner sought discretionary review with the Texas Court of Criminal Appeals, but he did not file a petition for writ of certiorari with the United States Supreme Court after his petitions for discretionary review were denied. His state convictions became final for purposes of § 2244(d)(1)(A) by the expiration of the ninety-day time frame for seeking further review after the Texas Court of Criminal Appeals refused the PDRs. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows ninety days for

filing a petition for certiorari following the entry of judgment); SUP. CT. R. 13.1. The petitions for discretionary review were refused on October 28, 2009, so his state convictions became final ninety days later, on January 26, 2010. The one-year limitations period expired on January 26, 2011. Petitioner filed this § 2254 petition on July 15, 2015,[2] several years after his convictions became final in 2010. A literal application of § 2244(d)(1)(A) therefore renders his § 2254 petition untimely.

B.  **Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Petitioner did not file his state writ applications until May 20, 2011, several months after the one-year limitations period had expired in January 2011. An application filed in state court after the limitations period has expired does not operate to statutorily toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). The statutory tolling provision does not save this petition.

C.  **Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves

---

[2]The § 2254 petition was received and file-stamped on July 24, 2015. Petitioner swore that he placed the document in the prison mail system on July 15, 2015, so it is deemed filed on that date under the "mailbox rule". *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (pro se prisoner's habeas corpus petition is constructively filed for purposes of AEDPA when the prisoner delivers the papers to prison authorities for mailing to the district court).

a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

Here, Petitioner presents no argument or evidence that he was prevented from timely filing his federal petition raising the challenges to his 2008 convictions. He argues extensively that he was not given notice of the denial by the Texas Court of Criminal Appeals of his § 11.07 state writ applications at the time they were denied in November 2012. (Doc. 3, at 9.) He also has provided exhibits showing his efforts in 2014 to confirm his claim that he did not receive notice at his particular prison unit regarding the disposition of his state writ applications in 2012. As noted, however, Petitioner's one year period had already expired before he filed the state writ applications in May 2011. Any failure to receive notice in 2012 would not

5

have any bearing on the timeliness of this action. Petitioner has failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations, and his petition for writ of habeas corpus is barred by the statute of limitations.

### III.  RECOMMENDATION

This petition for writ of habeas corpus should be **DENIED** with prejudice as barred by the statute of limitations.

**SO ORDERED this 7th day of August, 2015.**

                              */s/ Irma Carrillo Ramirez*
                              IRMA CARRILLO RAMIREZ
                              UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                              */s/ Irma Carrillo Ramirez*
                              IRMA CARRILLO RAMIREZ
                              UNITED STATES MAGISTRATE JUDGE